**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 06-04375M |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| GILBERT GEORGE, | ) | |
| | ) | |
| Defendant. | ) | |

On November 21, 2006, Defendant was charged by way of complaint with one count of burglary, in violation of 18 U.S.C. § 13 and Arizona Revised Statutes Annotated 13-1506; one count of possession of methamphetamine, in violation of 21 U.S.C. § 844(a), one count of possession of cocaine, in violation of 21 U.S.C. § 844(a), and one count of possession of marijuana, in violation of 21 U.S.C. § 844(a). Defendant was arrested and was appointed counsel at an initial appearance before the Court. Defendant was ordered detained and Defendant's counsel subsequently filed a motion asking the Court to order a psychiatric examination of Defendant to determine his competency to stand trial. The motion was granted on November 27, 2006.[1]

---

[1] The Guidance Center examiner opined in a report dated December 12, 2006, that Defendant was not competent to proceed in this matter, but also opined it was "doubtful" Defendant "could benefit from restoration services." The examiner determined Defendant suffers

A status hearing was conducted on January 4, 2007. A Navajo-language interpreter was provided for Defendant. On January 8, 2007, the government and Defendant stipulated Defendant should be committed to the custody of the United States Attorney General for hospitalization and treatment which might enable Defendant to stand trial on the charges against him, pursuant to 18 U.S.C. § 4241(d)(1).

On April 6, 2007, the Federal Medical Center at Butner, North Carolina, averred Defendant was then competent to stand trial, and filed notice of such pursuant to 18 U.S.C. § 4241(e). On April 12, 2007, Defendant filed a motion to transfer his proceedings to a District Court Judge pursuant to 18 U.S.C. § 4241(e).[2] Defendant contends the matter must be transferred to

---

from alcohol dependence, a mood disorder not otherwise specified, and borderline intellectual functioning, which might be mental retardation.

> [2] 18 U.S.C. § 4241 provides:
> (e) Discharge.--When the director of the facility ... determines that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, he shall promptly file a certificate to that effect with the clerk of the court that ordered the commitment. .... *The court shall hold a hearing, conducted pursuant to the provisions of section 4247(d)*, to determine the competency of the defendant. If, after the hearing, the court finds by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense, the court shall order his immediate discharge from the facility in which he is hospitalized and shall

a District Court Judge because a Magistrate Judge is statutorily proscribed from deciding whether Defendant has been restored to competency, citing United States v. Rivera-Guerrero, 377 F.3d 1064 (9th Cir. 2004).

Defendant is charged in Count 1 with a felony, over which a Magistrate Judge may not exercise jurisdiction. Defendant is also charged, in Counts 2 through 4, with three class A misdemeanor crimes, over which proceedings Defendant has not consented to the exercise of Magistrate Judge jurisdiction.

In Rivera-Guerrero the Ninth Circuit Court of Appeals held a Magistrate Judge could not, within the scope of pretrial jurisdiction delegated to the Magistrate Judge pursuant to 28 U.S.C. § 636, order a defendant medicated for the purpose of making him competent to stand trial. The Ninth Circuit also concluded the doctrine of constitutional avoidance supported the conclusion a Magistrate Judge could not make an ultimate decision in a matter affecting the defendant's constitutional rights. See 377 F.3d at 1069. The Ninth Circuit reasoned that, because the order at issue was dispositive of a claim or defense, section 636 did not authorize the Magistrate Judge to issue the order.

The decision before the Court would be whether

---

set the date for trial or other proceedings. ...
(f) Admissibility of finding of competency.--A finding by the court that the defendant is mentally competent to stand trial shall not prejudice the defendant in raising the issue of his insanity as a defense to the offense charged, and shall not be admissible as evidence in a trial for the offense charged.

Defendant is mentally competent to stand trial, a decision which has "crucial implications" for Defendant's constitutional right to due process of law. Accordingly, pursuant to the conclusion in Rivera-Guerrero, see 377 F.3d at 1069, the Court concludes it does not possess jurisdiction to determine if Defendant is competent to stand trial and the matter must be transferred at this point to a District Court Judge.[3] See also United States v. Dallas, 461 F. Supp. 2d 1093, 1097 (D. Neb. 2006) (concluding a Magistrate Judge may not, pursuant to section 636, enter a final order requiring a criminal defendant be medicated to restore his mental competency). Although the issue in Rivera-Guerrero was whether a Magistrate Judge could order a defendant medicated against their will, the Court views its decision in the instant matter, involving whether a Magistrate Judge may properly find a defendant is mentally competent, as a logical extension of the holding in Rivera-Guerrero.

The Court notes this conclusion is founded on the

---

[3] In an unpublished decision issued by the United States District Court for the District of Arizona another Magistrate Judge and a District Court Judge reached the same conclusion:
> An order requiring examination of a defendant and an order committing a defendant for treatment to restore competency is not case dispositive and can be ordered by the magistrate judge. L. R. Crim. 57.6(d)(8); United States v. Rivera-Guerrero, 377 F.3d 1064, 1070 (9th Cir. 2004). In this situation, however, no further rehabilitation can be anticipated, and thus the Court's ruling is potentially dispositive. For that reason, the ruling is entered as a report and recommendation.

United States v. Porras, 2006 WL 1652612 at *3.

-4-

nature of the charges against Defendant, including one felony charge, and the fact Defendant has not consented to the exercise of Magistrate Judge jurisdiction regarding the charges over which the Magistrate Judge could properly exercise complete jurisdiction with the consent of Defendant, i.e., the charges involving class A misdemeanors.  A situation involving a defendant who was charged with only class B misdemeanors or who had been charged with class A misdemeanors who had consented to Magistrate Judge jurisdiction may require a different conclusion.  The Ninth Circuit stated in Rivera-Guerrero:

> There is no evidence that Rivera was ever given the opportunity to object or consent to the magistrate judge's authority, and the government does not argue that the order is permissible due to some form of consent from Rivera. Therefore, we do not reach the question of whether a defendant who has been found not competent to stand trial could give meaningful consent to the magistrate judge's authority to issue a final order authorizing involuntary medication.

377 F.3d at 1070 n.4

Accordingly,

**IT IS ORDERED** that this matter is referred to the Clerk of the Court for assignment to a District Court Judge who may properly issue an order regarding whether Defendant is mentally

1  competent to stand trial.[4]

2   DATED this 18th day of April, 2007.

3

4

5

6   _____
                Mark E. Aspey
7           United States Magistrate Judge

---

[4] The District Court Judge has the discretion to refer the issue of Defendant's competency to stand trial to the Magistrate Judge for preparation of a Report and Recommendation.  See 28 U.S.C. § 636(b)(1)(B) &(C).